UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL A. YOUNG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-1244-CEJ |
| ALEXANDER DURRELL, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the court on the motion of Michael A. Young (registration no. 37699) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $10.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $300.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the court will assess an initial partial filing fee of $10.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

3

alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action for constitutional violations against correctional officers Alexander Durrell and William Stewart, as well as the City Justice Center. Plaintiff alleges that defendants assaulted him on July 19, 2015, and made him wait in a "visiting cage" for one hour before he was "seen by medical."

**Discussion**

Plaintiff brings this action against defendants Durrell and Stewart in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, court must interpret the complaint as including official-capacity claims); *Nix v. Norman*,

4

879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the violation of his constitutional rights, the complaint is legally frivolous and fails to state a claim or cause of action under § 1983 against defendants Durrell and Stewart in their official capacities.

The complaint is also legally frivolous as to defendant City Justice Center, because it is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same); *Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002) (jails are not suable entities); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency); *Marsden v. Fed. Bureau of*

*Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

For these reasons, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action, pursuant to §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $10.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate order of dismissal shall accompany this memorandum and order.

Dated this 9th day of September, 2015.

_____
**UNITED STATES DISTRICT JUDGE**